UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TREVOR MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC,<br><br>    Defendant. | Case No. 2:18-cv-1401<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE OHIO CONSUMER SALES PRACTICES ACT, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

**PARTIES**

1. Plaintiff, Trevor Miller ("Trevor"), is a natural person who resided in Columbus, Ohio, at all times relevant to this action.

2. Defendant, Enhanced Recovery Company, LLC ("ERC"), is a Delaware limited liability company that maintained its principal place of business in Jacksonville, Florida, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Trevor's claims under the Ohio Consumer Sales Practices Act, R.C. § 1345.02 (A) ("OCSPA") because they share a common nucleus of operative fact with Trevor's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Trevor's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the FDCPA. S*ee LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Trevor is permitted to bring an FCCPA action against ERC in this Court because the FCCPA applies to Florida debt collectors, even when they are communicating with a non-Florida resident in connection with the collection of a debt. *See Bank of Am., N.A.*, 2016 WL 2897410, *11 (S.D. Fla. May 18, 2016); *citing Millennium Commc'ns & Fulfillment, Inc. v. Office of Attorney Gen.*, 761 So.2d 1256 (Fla. Dist. Ct. App. 3d 2000); *see also Mlynek v. Household Fin. Corp.*, 2000 WL 1310666, *4-5 (N.D. Ill. Sep. 13, 2000) (allowing Illinois resident to bring FCCPA action).

7. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

8. At all times relevant to this action, ERC collected consumer debts.

9. ERC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10. The principal source of ERC's revenue is debt collection.

11. ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. As described, *infra*, ERC contacted Trevor to collect a debt that was incurred primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Trevor is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. On or around June 12, 2018, ERC telephoned Trevor's work manager ("Manager"), on Manager's direct line in connection with the collection of the debt and left multiple voice messages.

16. On at least one occasion, ERC left a telephone number to call and a reference number.

17. ERC's voice messages to Manager indicated the calls were regarding a debt.

18. Manager telephoned ERC in an attempt to obtain further information.

19. During this communication, ERC disclosed to Manager the calls were intended for Trevor.

20. During this communication, Manager advised ERC that Manager was not Trevor and that ERC called the wrong number.

21. During this communication, ERC wouldn't allow Manager to hang up and insisted Manager was Trevor.

22. During this communication, Manager had to convince ERC that Manager wasn't Trevor.

23. Thereafter, Manager sent an email to Trevor notifying Trevor of the calls from ERC and Manager's conversation with ERC.

24. Trevor was extremely embarrassed that ERC disclosed the existence of the debt to Manager.

25. Subsequently, Trevor telephoned ERC and spoke with a supervisor ("Supervisor").

26. During this conversation, Supervisor acknowledged ERC's calls to Manager and claimed Manager's direct telephone number was on file when ERC received the account.

27. Trevor does not know Manager's direct phone number.

28. Trevor does not know how ERC obtained Manager's direct phone number.

29. ERC's collection efforts, including but not limited to its telephone calls, caused Trevor emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

30. ERC's collection efforts also intruded upon Trevor's privacy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

31. Trevor re-alleges and incorporates by reference Paragraphs 15 through 30 above as if fully set forth herein.

32. ERC violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Trevor's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

33. Trevor re-alleges and incorporates by reference Paragraphs 15 through 30 above as if fully set forth herein.

34. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

35. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

36. The likely effect of ERC's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Trevor.

37. ERC violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Trevor in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

38. Trevor re-alleges and incorporates by reference Paragraphs 15 through 30 above as if fully set forth herein.

39. ERC violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Ohio Consumer Sales Practices Act

40. Trevor incorporates each of the preceding allegations as if specifically stated herein.

41. ERC's actions in attempting to collect the alleged debt from Trevor as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A)

42. ERC's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§1345.01 and 1435.02 and the substantive rules promulgated under the OCSPA.

43. ERC, as an individual and through its agents and employees, knowingly committed the unfair and unconscionable acts and practices described above.

44. ERC violated the OCSPA.

## COUNT FIVE

### Violation of the Florida Consumer Collection Practices Act

45. Trevor re-alleges and incorporates by reference Paragraphs 15 through 30 above as if fully set forth herein.

46. At all times relevant to this action, ERC is subject to and must abide by Florida law, including the FCCPA, Fla. Stat. § 559.72.

47. ERC is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

48. Trevor is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

49. ERC attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

50. ERC willingly and knowingly violated Fla. Stat. § 559.72(7) by engaging in conduct which can reasonably be expected to abuse or harass Trevor.

51. As a result of the above violations of the FCCPA, ERC is liable to Trevor for actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

52. Based upon the willful, intentional, knowing, grossly negligent, repetitive and continuous conduct as described herein, Trevor is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

## JURY DEMAND

53. Trevor demands a trial by jury.

## PRAYER FOR RELIEF

54. Trevor prays for the following relief:

6

a. Judgment against ERC for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

b. Judgment against ERC for three times the amount of all actual damages suffered, Statutory damages for each violation of the OCSPA and reasonable attorneys fees, witness fees, court costs, and other litigation costs incurred by Plaintiff pursuant to the OCSPA.

c. Judgment against ERC for actual damages, statutory damages, costs, reasonable attorney's fees, and punitive damages pursuant to Fla. Stat. §§ 559.77 and 768.72

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: November 8, 2018

By:     /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq. (Ohio Bar No. 0079315)
Attorney for Plaintiff
HYSLIP & TAYLOR, LLC, LPA
3323 W. Diversey Avenue, Suite 5
Chicago, IL  60647
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com